**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

_____

**TIMOTHY L. HOELLER,**
      **Plaintiff,**

v.                                                                                          **Case No. 14-cv-1430**

**SOCIAL SECURITY ADMINISTRATION,**
      **Defendant.**
_____

## DECISION AND ORDER

Plaintiff Timothy Hoeller, pro se, filed this complaint under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking from the Social Security Administration ("SSA") documents "that verif[y] the need for a Payee change in September 2008," "verification of the dates for stoppage of [his] benefits and any explanation," and "a letter from an attorney in the [SSA] providing an explanation who can also attest that no waste, fraud or abuse occurred" in the management of his social security benefits. Compl. at 5 (ECF No. 1). Before me now is the SSA' summary judgment motion.

I may only grant a summary judgment motion "if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. FOIA actions are commonly resolved on a motion for summary judgment. *Becker v. I.R.S.*, 34 F.3d 398, 402 n.11 (7th Cir. 1994).

FOIA was created to increase public access to government records, *Forsham v. Harris*, 445 U.S. 169, 182 (1980), and requires an agency to make reasonable efforts to search for requested records and to promptly make records available unless one of several statutory exceptions applies. 5 U.S.C. § 552(a)(3). After exhausting his administrative

remedies, plaintiff may seek relief in the district court when an agency has improperly withheld agency records, and the court then determines the matter de novo. § 552(a)(4)(B).

The SSA argues that I should grant summary judgment because it has conducted a reasonable search and has provided plaintiff will all documents it found that are responsive to his request. The SSA has the burden of showing that its search was adequate, *Patterson v. I.R.S.*, 56 F.3d 832, 840 (7th Cir. 1995), which requires it to show "that it has conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (quotations and citation omitted). The SSA is not required to search every record system but only those systems it believes are likely to contain relevant documents. *Oglesby v, U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see also Becker*, 34 F.3d at 406 ("The issue is *not* whether other documents may exist, but rather whether the search . . . was adequate."). To support its claim, the SSA may submit "reasonably detailed nonconclusory affidavits" detailing its search efforts. *Id*.

I conclude that the SSA has conducted a reasonable search based on plaintiff's request. Kevin Girga, an assistant district manager with the SSA's Milwaukee office, has submitted a declaration, *see* ECF No. 24, stating that in response to several requests from plaintiff for information and records pertaining to his disability benefits, he or another employee he manages searched for relevant records in the Treasury Check Information System, the SSA's electronic record keeping systems, and two paper files retrieved from off-site storage. Plaintiff does not dispute that these search efforts were reasonable and does not suggest any further search efforts the SSA should have made in response to his

request. Therefore, I conclude that the SSA's search was adequate.

It also appears that the SSA has provided plaintiff will all relevant documents if found. As a result of the SSA's search efforts, Girga states that the SSA provided plaintiff with a letter of his representative payees by month and payment information from the Treasury Check Information System for the time period requested. He further determined that the SSA's record systems and paper files contained no additional relevant information.[1] One document in particular that plaintiff requested is a form called an SSA-787 signed by Dr. Bartolomeo in 2008. Girga states in his affidavit that during his search efforts, he specifically looked for this document in both the electronic and paper record systems and was unable to locate it. The fact that the SSA was unable to locate this one document does not undermine the conclusion that its search was reasonable, and I cannot order the SSA to produce something it cannot find.

Finally, some of the relief plaintiff seeks is not authorized under FOIA. Plaintiff's complaint requests "a letter from an attorney in the [SSA] providing an explanation who can also attest that no waste, fraud or abuse occurred," Compl. at 5 (ECF No. 1), and in response to the SSA's motion, plaintiff asks me to order the SSA to stipulate that "(a) the [SSA] made reasonable efforts to locate paperwork of form SSA-787 which is 2-pages, (b) the paperwork was not found on-file from any office or location of the SSA, and © no inspector general of the [SSA] would disagree with Mr. Girga's findings." Response at 1

---

[1] Plaintiff does not dispute the SSA's assertion that it produced all relevant documents that it found or argue that the SSA is withholding any documents.

(ECF No. 26).² However, "FOIA neither requires an agency to answer questions disguised as a FOIA request . . . or to create documents or opinions in response to an individual's request for information." *Hudgins v. I.R.S.*, 620 F. Supp. 19, 21 (D.D.C. 1985) (citing *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 162 (1975), and *Di Viao v. Kelley*, 571 F.2d 538, 542–43 (10th Cir. 1978)). Thus, FOIA does not require the SSA to create written explanations or affidavits regarding their actions if they do not already exist.

Thus, the SSA has made reasonable search efforts to fulfill plaintiff's FOIA requests and has provided plaintiff with all relevant documents found in response. Any relief beyond this is unavailable to plaintiff under FOIA, and I will therefore dismiss this action.

**THEREFORE, IT IS ORDERED** that defendant's motion for summary judgment (ECF No. 22) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 7th day of May, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

² I note that the Girga Declaration submitted in support of the SSA's summary judgment motion already outlines the reasonable efforts the SSA made to find the SSA-787 form and that Girga was unable to locate it.